# JOSÉ ROMERO FERNANDEZ

### *v.*

# JAIME CALAF ET AL.

---

Law, No. 922.

#### ON MOTION TO MODIFY FORMER ORDER OF COURT.

Decrees—Court and Counsel.

    1. The rules provide that counsel shall draw decrees subject to the approval of the court. Counsel should also see that minute entries in important matters are correct.

Practice—Pleadings, Trial, Verdict, and Judgment.

    2. In every case there are the four steps of pleading, trial, verdict,

Fernandez v. Calaf.

and judgment. Setting aside one does not set aside the other. If the judgment is set aside, the verdict may be set aside and retried in part, and remain undisturbed in part.

Stay of Execution.

3. If a judgment has been set aside, there can be no stay of exe-cution because there is no execution.

Opinion filed December 15, 1914.

---

*Messrs. E. B. Wilcox* and *Paul Charlton* for plaintiff.

*Messrs. F. H. Dexter, Chas. Hartzell,* and *Jorge Dominguez* for defendants.

HAMILTON, Judge, delivered the following opinion:

The plaintiff makes a motion when the case is called, that the order of court entered February 21st, granting an unre-stricted new trial and setting aside the verdict herein and the judgment entered thereon, be modified in conformity with the order of May 16, 1914, so that the judgment herein, instead of being set aside, shall be stayed until the determination by the court of the questions presented at the present hearing.

1. Let me say in the first place that our rules call for orders and decrees of any importance to be drawn by counsel and submitted to the court for signature. It is practically impos-sible for the court to write orders so as to cover all details. It can only indicate principles. I suppose that is true of every court. And our rules indicate—and I think properly—that counsel should look over, should co-operate with the clerk at least, to see that the entries in important matters are correct.

Fernandez v. Calaf.

2. Of course; in the second place, though, that makes no difference now in this case. We have to take the record as we find it, and the question is, Shall the court grant the motion as presented? In order to get at the situation it seems to me we will have to go back a bit. In this case, as in all others, there are three different steps. In the first place, there are the pleadings. When we have got to an issue, that is the end of the pleadings. In the second place comes the trial, the presentation of evidence and the verdict of the jury. These two go together. The evidence and the verdict make up the trial. In the third place, comes the judgment, which is the determination by the court based upon the verdict of the jury. That may follow immediately or may follow at a considerable interval after other proceedings are had. The question in this case is, What was done by the court in regard to those three steps? On a certain date—I do not pretend to have the dates in my mind, but they will speak for themselves—there was a trial and a verdict for, I believe, $25,000. Afterwards came the application of the defendants, who had lost in the case, for a new trial. A new trial involves two things. It involves a setting aside of the judgment, because, unless that is done, you cannot get at the verdict, and it involves setting aside the verdict, because otherwise there can be no presentation of new evidence. That motion was granted, and that action of the court, setting aside the judgment and setting aside the verdict, left in the case only the pleadings. The case stayed upon the docket necessarily. Later came an application of the plaintiff that the order of court be modified so as to restrict the new trial, which had been granted, to one issue, the only one which in the mind of the court there is any doubt about, the question of title, and

Fernandez v. Calaf.

it is necessary to recollect in this connection that this was intimated by the court upon the trial of the case itself. The title had not been proved or disproved very conclusively, because there were foreign laws involved and we did not have them here, and the court on the trial said that it would charge the jury in favor of the plaintiff so far as related to the titles, in order that this one question might come up on the application for a new trial. So that has been the only doubtful point during the whole course of this proceeding. The court granted the application of the plaintiff that the new trial be restricted to the question of title. The point now before us is, What was the effect of that modification? It did not modify the judgment. That was out of the way anyhow. That was set aside before we could ever get to the question of a new trial. So this modification did not touch the question of judgment one way or the other. The question in my mind is, What was the effect of that order upon the previous granting of a general new trial? The new order did not in so many words say that the verdict should stand except as to the one point, that of title, and it is to be regretted perhaps that the phraseology was not exact. But the court's construction—and of course that is the only thing that I can do, to consider the record as I find it—of the whole situation is that, upon the application of the plaintiff, the verdict was set aside only as to the one point of title, and that the verdict was not intended to be disturbed and was not disturbed as to the questions of fact in the case. That is my construction of the situation.

3. Now we are confronted with this motion, which is to modify further, and, instead of setting aside the judgment, stay its execution. I do not think I have the power to do that,

Fernandez v. Calaf.

nor do I think that it is necessary in this case. This judgment was set aside at a previous term and must stand set aside. The matter before me now does not relate to the judgment, but as to what is the case as to the verdict, and so I feel compelled to deny the motion because it amounts to reinstating a judgment which had been set aside at a previous term. I do not see how I can do that, and furthermore I do not see that it would help the situation. The most I can do is this: My construction of the situation is that the verdict was set aside in part, and still remains in force as to everything except the matter of title, and I shall have to proceed upon that theory in any hearing that comes up this morning; but I will do this. If counsel for plaintiff think that the court is in error about this, and that the proper construction of the case is that the verdict was set aside absolutely, I shall be willing to take the case out of the call to-day and reset it for any open day this term or next term, so that it can be tried upon the whole pleadings. The point in my mind is that, while my own mind is clear enough about it, if I am wrong, the sufferer will be the plaintiff, so that I am willing to give the plaintiff the choice of going on under the court's construction of the situation, or, if his attorneys do not agree to that, 'I will adopt their construction that the whole verdict was set aside, and permit a trial upon the whole case. I do not see how, after the term, I could modify the record by any further order.

The motion is denied.